**Ward BURNETTE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 90–SC–204–TG.**

Supreme Court of Kentucky.

Nov. 29, 1990.

Rehearing Denied Jan. 8, 1991.

James A. Shuffett, Shuffett and Paris, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Appellant herein, the Commissioner of Agriculture for the Commonwealth of Kentucky, was convicted of Complicity to Theft by Deception, sentenced to a term of one year in prison, and fined $1,500. He was tried with Linda Campbell, who received a similar sentence but was probated. She has not appealed her conviction.

The sole question for determination by the jury was whether Linda Campbell had been employed by and worked for the Department of Agriculture from June 1, 1988, through June 19, 1988. She had filed written time sheets stating that she had worked for this period, and appellant had verified her hours.

Basically, the arguments of the appellant are founded in the sufficiency of the evidence to withstand motions for a directed verdict and for a new trial. Thus, we will first examine the evidence presented by the Commonwealth.

■ The prosecution relied principally on the testimony of two witnesses. One was John Moore, the Assistant Director of Administrative Services, who testified that he was called into appellant's office on June 20, 1988, and was introduced by appellant to Linda Campbell. Burnette stated that he wanted to put her to work. Moore testified that he had never seen Campbell before that date and was told by Burnette to create a seasonal position for Campbell as "Secretary Chief." Moore testified that he obtained from Campbell the necessary information for a P–1 file, which is a standard form used by any state agency or department under such circumstances.

Upon obtaining that information, Moore took Campbell to Diane Harrod. Harrod testified that this occurred on June 20, 1988, and that she had not seen or heard of Campbell prior to that date. Harrod gave Campbell a new employee orientation and gave her several forms to fill out. Campbell filled out these forms in Harrod's presence, and signed and dated them June 20, 1988. These forms were filed by the prosecution as exhibits. Campbell took several other forms with her and, when she returned those forms to Harrod, they were dated June 1, 1988.

Harrod testified that one of the forms filled out by Campbell on June 20 was a membership form for the Kentucky Retirement Systems; that on the form the original date entered for "Date Employment Began" was June 20, 1988, but that she (Harrod) was later told by one of the directors that Campbell would be paid beginning June 1, 1988, and that Harrod changed the date to so indicate.

Moore testified that his office was two doors from appellant's office where Campbell was supposed to have worked during the disputed period. He testified he was in Burnette's office on an average of two to three times per day during the period and that he never saw Campbell working at the desk at which she claims she worked during the entire period. He further testified

that he had not seen her around the office or in anyone else's office during that time.

The matter was investigated by Kentucky State Police Detective Gary Martin and it was requested that she produce any work product with her signature and a date which showed that she was working in the office prior to June 20. He also asked if she could name anyone who had spoken to her on the phone during that period. Campbell had replied in the negative to both requests.

Martin also interviewed Burnette, who told Martin that she had been working at a table in his office and at a desk outside his office. Martin also gave appellant an opportunity to produce any material confirming Campbell had worked prior to June 20, but appellant provided no such material.

Appellant and his co-defendant testified that Linda Campbell was employed by the Department of Agriculture during this period, and ten other witnesses testified they had seen her on the premises on one or two occasions during the disputed time period. However, in the words of the trial judge, "... the prosecuting attorney skillfully undermined the credibility of some of these witnesses ..."

Although the appellant refers to the evidence by the Commonwealth as negative evidence, we do not know what other kind of evidence could have been elicited in discussing someone who was not there. As Sherlock Holmes said in "The Hound of the Baskervilles," the dog didn't bark, this being the clue that solved the mystery. The Commonwealth established that both Moore and Harrod had offices close to the office where Campbell claimed to have worked, but they had not seen her during this time. Harrod further testified that she never saw Campbell at the coffee pot or women's rest room prior to June 20 and that she had not seen her on any occasion prior to June 20.

 One error is pointed out in this case. Both Moore and Harrod were permitted to give their opinion that they believed they would have seen Ms. Campbell if she had been present in the office during this 19–day period. Although this may have been error, it was harmless under the circumstances of the evidence in this case.

It is the opinion of this court that this matter was properly submitted to the jury, which has a right to consider the testimony of the witnesses as to its weight.

The judgment of conviction of the Franklin Circuit Court is affirmed.

All concur.